Mr. Justice Hall
delivered the opinion of the Court.
This is an original proceeding wherein Service Investment Company (herein referred to as Service) seeks a writ directing the respondent to vacate an order entered *324 May 25, 1964, in Case No. 20124, then pending in the District Court of Arapahoe County. The order, vacation of which is sought, provides:
“This matter coming on to be heard this 25th day of May, 1964, upon the petition [of Equitable Investments] * * *, THE COURT DOTH FIND that the matters * * * in the Petition are true; that the sale * * * by the Public Trustee of the County of Jefferson * * * should be stayed * * *; WHEREFORE, It is ordered * * * that that sale * * * be and is hereby ordered to be and is suspended pending further order of this Court * * *.
“It is further ordered that * * * copies of this Petition and Order * * * be delivered to * * * Service * * * and * * * Bush as Public Trustee in * * * County of Jefferson, * * * and that the same be placed of record in the said County, and in the office of the Clerk and Recorder thereof.”
Prior to April 3, 1964, the First National Bank of Englewood (herein referred to as the Bank) had commenced, in the District Court of Arapahoe County, Civil Action No. 20124 (herein referred to as No. 20124). Named as defendants in said action were: (1) Perl-mutters Development Corporation (herein referred to as Perlmutter); (2) Equitable Investments (herein referred to as Equitable); (3) Vareo Steel, Inc.; (4) Madison M. Lyon, and (5) Patricia M. Vass, Public Trustee of Arapahoe County.
The Bank sought the following relief: (1) Judgment against Perlmutter for $70,000.00; (2) court foreclosure of a deed of trust (securing the $70,000.00) on one parcel of Arapahoe County property; (3) appointment of a receiver to take charge of said property during the foreclosure proceedings; (4) judgment against the above named defendants declaring their rights, if any, in. the property described, to be inferior to and subordinate to the rights of the Bank, as evidenced by its deed of trust.
On April 3, 1964, Service was the holder of a note of Perlmutter on which there was past due some *325 $230,000.00, which note was secured by deed of trust on one parcel of land located in Jefferson County. On that date Service filed with Helen Bush, the Public Trustee of Jefferson County (herein referred to as Bush), its notice of election and demand for sale of said property. Pursuant to such demand, Bush advertised the premises described in said deed of trust for sale, the same to be had May 26, 1964.
On May 25, 1964, the court, in No. 20124, entered the stay order above mentioned. At that time neither Service nor Bush had been served with any notice, process or papers of any kind in No. 20124. On May 25, 1964, the attorney for Equitable delivered to Service and Bush a certified copy of an undated petition for stay and the stay order dated May 25, 1964, and on that date said documents were placed of record in the office of the County Clerk and Recorder of Jefferson County.
On May 28, 1964, Service filed in Case No. 20124 its motion seeking to have the court vacate its May 25th stay order. On June 2, 1964, hearing and argument were had on this motion and the motion disposed of on that date by an order of court reading as follows:
“And thereupon this cause comes on to be heard before the Court on defendant’s, Service Investment Co., Motion to Dissolve or Vacate Order Relative to Stay of Proceedings.
“And thereupon the Court being sufficiently advised in the premises DOTH ORDER that Motion to Vacate Order Relative to Stay of Proceedings be denied, and that 10 days be granted to file motion for re-hearing.”
One June 5, 1964, Service commenced this proceeding and in so doing presumably elected to forego the right granted “to file motion for re-hearing” in No. 20124.
An order was entered by this court on June 11, 1964, directing the respondent to show cause, within twenty days, why the May 25th stay order should not be vacated and dissolved.
On July 2, 1964, the respondent through counsel, the *326 same counsel who represented Equitable in proceedings had in No. 20124, filed herein his RESPONSE TO ORDER TO SHOW CAUSE.
This response does not deny any of the facts set forth in the petition of Service, though in the response are set forth many alleged facts which the respondent tenders as justification for entry of the stay order. We find nothing in any of these alleged facts that tends to justify the court’s action in entering the questioned stay order.
Considering everything in the response as true, considering everything said in the light most favorable to respondent and resolving all doubts in favor of respondent, we find nothing to indicate that the respondent had jurisdiction to issue the stay order.
From a search of the voluminous and somewhat verbose response, it appears that counsel for Equitable tenders factual and argumentative reasons justifying the entry of the stay order, stating:
1. “* * * a second deed of trust upon the same property [Arapahoe Co.] is held by * * * Equitable Investments, securing a note * * *, which note * * * is also secured by other parcels of property in the County of Jefferson * * *, upon which Jefferson County property, or some part thereof, the Petitioner, * * * Service * * *, claims to hold a first deed of trust.”
2. “That the * * * Bank * * * holds another and further note of * * * Perlmutter * * *, which note is secured by further deeds of trust both on the Arapahoe County property * * * and the Jefferson County property, the subject matter of the deeds of trust of * * * Service * * * and Equitable * *
3. “That Equitable * * * holds, as security for a further advance of $10,000.00 to * * * Perlmutter * * *, deeds of trust on both the Arapahoe County and the Jefferson County properties mentioned.”
4. “That at the time of the institution of * * * No. 20124 * * *, no foreclosure proceedings were pending in Jefferson County in any form, but in the pleadings *327 [in No. 20124] the facts concerning the multiple security transactions of the several parties with Perlmutter * * * were made to appear.”
5. “That multiple claims are pending before the Arapahoe County District Court * * *, there being claims of Vareo Steel, Inc., and Madison M. Lyon * * *, and there being, as the Court has been advised in open court, claims against the Jefferson County property by general judgment creditors of Perlmutter * *
6. “That at pre-trial it was made to appear, * * * that the same notes in litigation before the Arapahoe County District Court are secured by the properties in Jefferson County being sought to be indepdently [sic], and nonjudicially, foreclosed in Jefferson County.”
7. “That * * * Service * * * after service of the orders of the Court upon itself [Service] and * * * Bush moved this Court to dissolve the Orders; that the matter was fully argued * * *; that this [the] Court held that =:= * * Service * * * should remain a party as should * * * Bush; that the Court indicated that it was of the opinion that judicial jurisdiction over the several foreclosure proceedings must remain in existence, because of the fact that sale procedures and redemption procedures, the same lands and the same notes being involved in both Counties, would be seriously confused if no judicial supervision existed, and because the matters before the Arapahoe County Court intimately involve the same notes, the same properties, and the same persons involved in relation to the Jefferson County properties, and because circuity of action and multiple litigations are avoided by so retaining jurisdiction.”
8. “That the said Arapahoe County Court further gave opportunity for commencement by Service * * *, the Petitioner, of Judicial procedures in Jefferson County, but none were commenced.”
9. “That the District Court * * * has jurisdiction of the subject matter of the action and of the persons of the parties through proper pleadings and process duly *328 served; that the failure to exercise jurisdiction would result in inextricable confusion in titles to property in both counties and in considerable difficulty in the implementing of foreclosure procedures or redemption in either county.”
10. “* * * This Court has fully complied with the requirements of law, ordering Service * * * made a party * * *, causing it to be served with process and with Amended Complaint, and staying proceedings in the interests of justice and orderly procedure and to avoid circuity of litigation. * * *.”
From the record it appears, and without question, that the Bank in No. 20124 sought relief from five named defendants. No relief was sought against “unknown defendants.” Service was not named as a defendant. The Bank sought to perfect its title to Arapahoe County lands • — lands in which Service had asserted no interest and had no interest.
During the pendency of that action, Service sought to foreclose through public trustee proceedings its deed of trust on Jefferson County property. From the record before us there is nothing to indicate that the Bank, at the time it commenced No. 20124, claimed or at any time has claimed any interest in the Jefferson County property.
The Bank, in proceeding in No. 20124, and Service, in proceeding to foreclose through the public trustee, were both exercising rights granted by their deeds of trust and were proceeding within the framework of the laws of the land.
Equitable (holder of deeds of trust covering the Arapahoe County property, the Jefferson County property, or other properties wherever situated, its deeds of trust and the security granted thereby being subject to prior deeds of trust, no matter to whom given) has rights, well defined by the documents held and the law pertaining thereto; not, however, the right to restrain others from exercising similar and superior rights.
*329 Here, the record discloses the fact that Equitable held two fourth deeds of trust. Understandably, Equitable, so situated, might well search for recourse other than redemption, redemption and redemption. It should not have sought, no matter how desperate, to prevail upon the court to enter an order directing the Bank to join Service and Bush as defendants in a case in which the Bank wanted nothing from either of them and neither of them wanted anything from the Bank. The Bank, under an order from the court, an order issued at the behest of counsel for Equitable, did file an amended complaint and did make Service and Bush defendants. Significantly, the Bank, in its amended complaint, asked nothing from either added defendant.
Admittedly, at the time the stay order was entered against Service and Bush, neither was subject to the jurisdiction of the court; neither had been served with any process, any notice or any papers. The record does not disclose that at that time the amended complaint had been filed wherein Service and Bush had been named defendants; however, from the record before us it is crystal clear that no summons or amended complaint had been served upon Service or Bush prior to June 2, 1964.
The stay order is void. The court, at the time the order was entered, was without jurisdiction to enter any order concerning the rights or duties of Service or Bush, neither of whom was at that time a party to any litigation pending in that court.
The rule is made absolute.